IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| OCEAN NETWORK EXPRESS PTE. LTD.<br><br>Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>Defendant. | CASE NO. _____<br><br>**COMPLAINT** |

Plaintiff, Ocean Network Express Pte. Ltd. ("ONE"), through its attorneys, Engles, Ketcham, Olson, & Keith P.C., and for its Complaint against Defendant, Union Pacific Railroad Company ("Union Pacific"), alleges upon information and belief as follows:

1. This is action for damages concerning cargo, which was transported by Union Pacific.

2. This Court has jurisdiction over this claim under 28 U.S.C. § 1332 in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

3. ONE also brings this action for a declaratory judgment pursuant to 28 U.S.C. § 2201 *et. Seq.* and Rule 57 of the Federal Rules of Civil Procedure

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and the parties' forum selection clause.

**Parties**

5. ONE is a foreign corporation organized and existing pursuant to the laws of Singapore, with an office and principal place of business at 7 Straits View, #1601 Marina One East Tower, Singapore 018396.

6. Union Pacific is a Delaware corporation with a principal place of business in Nebraska.

7. Union Pacific was and is engaged in business as a carrier of merchandise by rail, for hire and conducts business in and has an office and place of business at 1400 Douglas Street, Omaha, Nebraska 68179.

8. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

9. ONE and Union Pacific have a "Rail Transportation Contract" which applies to this claim.

10. The Rail Transportation Contract incorporates Union Pacific's Master Intermodal Transportation Agreement ("MITA").

11. MITA includes a choice of forum clause requiring any claims for damaged cargo to be brought in, *inter alia*, this Court.

## Facts

12. ONE issued sea waybill no. ONEYRICVV4185300 for the carriage of container no. CLHU4770779, laden with a cargo of food stuffs (i.e., whey powder) from Dallas, Texas to Bangkok, Thailand via the Port of Long Beach.

13. ONE contracted with Union Pacific to carry the containerized shipment by rail from Dallas, Texas to Long Beach, California pursuant to waybill number 566951.

14. Glanbia Nutritionals, Inc. and its subrogated underwriter, Axa XL (hereinafter collectively referred to as "Cargo Claimants"), allege that, while in Union Pacific's possession, the cargo was contaminated, rendering it unfit for consumption.

15. Cargo Claimants have made claim against ONE alleging that the shipment was rendered unfit for consumption while in the care, custody, and control of Union Pacific.

16. Cargo Claimants have made claim against ONE for a total loss of the shipment in the amount as best can be determined of $77,529.20.

## First Cause of Action

17. ONE repeats and realleges each and every paragraph contained herein.

18. ONE asserts this claim without prejudice to or waiver of any defenses that may be available to it against the claim of Cargo Claimants.

19. While denying any liability to Cargo Claimants, if the shipment was not delivered in good condition as alleged by Cargo Claimants, and ONE is held liable or caused to make payment, such will be due solely from the fault, negligence, gross negligence, and/or lack of care, breach of contract, breach of warranty (express or implied), omission, or other wrongful act on the

part of Union Pacific, its agents, or sub-contractors.

20. As a result of the foregoing, ONE claims against Union Pacific for any and all sums which Plaintiff may be required to pay to Cargo Claimants, including attorneys' fees and expenses.

## Second Cause of Action

21. ONE repeats and realleges each and every paragraph contained herein.

22. ONE asserts this claim without prejudice to or waiver of any defenses that may be available to it against the claim of Cargo Claimants.

23. While denying any liability for damages to Cargo Claimants, if ONE should be held liable to Cargo Claimants, then ONE asserts that it shall be entitled to indemnity from Union Pacific as a result of breach of the Rail Transportation Contract and the MITA.

## Third Cause of Action

24. ONE repeats and realleges each and every paragraph contained herein.

25. ONE asserts this claim without prejudice to or waiver of any defenses that may be available to it against the claim of Cargo Claimants.

26. While denying any liability for damages to Cargo Claimants, if ONE should be adjudged liable to Cargo Claimants, ONE asserts that any and all injuries and damages allegedly sustained by claimant and its subrogated insurers were the proximate result of the actions of Union Pacific.  As such, Union Pacific is liable to ONE, by way of indemnification and/or contribution for any and all sums which it may be required to pay in action, including attorneys' fees and expenses.

## Fourth Cause of Action

27. ONE repeats and realleges each and every paragraph contained herein.

28. ONE asserts this claim without prejudice to or waiver of any defenses that may be available to it against the claim of Cargo Claimants.

29. Union Pacific breached its obligations and duties under its contract(s) of carriage, the Rail Transportation Contract, and/or MITA, with respect to the cargo by allegedly failing to deliver it in like good order and condition.

30. By reason of the foregoing, Union Pacific caused damage to ONE and is liable for the full sum ONE suffers to Cargo Claimants plus attorneys' fees and expenses.

## Fifth Cause of Action

31. ONE repeats and realleges each and every paragraph contained herein.

32.     ONE asserts this claim without prejudice to or waiver of any defenses that may be available to it against the claim of Cargo Claimants.

33.     Union Pacific acted as bailees of the cargo for good consideration. Union Pacific was thereby a bailee who warranted and a legal duty to safely keep, care for, and deliver the cargo in the same condition as when entrusted to them and to perform their services as a bailee or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. Union Pacific allegedly breached those bailment obligations and negligently failed to deliver the cargo in as good condition as when entrusted to them.

34.     By reason of the foregoing, Union Pacific is liable to ONE, and to others on whose behalf ONE sues, in an amount, as now can nearly be estimated, up to or exceeding $77,529.20.

**Prayer for Relief**

**WHEREFORE**, while denying any liability for damages for the shipment to Cargo Claimants, if ONE should be held liable, ONE prays that the Court enter judgment on its Complaint against Union Pacific, together with an award of costs, costs of suit, interest, and reasonable attorneys' fees, and for such other relief as the Court deems just and proper.

Dated this 14th day of July, 2020.

OCEAN NETWORK EXPRESS PTE. LTD, Plaintiff,

By:_____s/ Dan H. Ketcham_____
   ENGLES, KETCHAM, OLSON & KEITH, P.C.
   1350 Woodmen Tower
   Omaha, Nebraska 68102
   (402) 348-0900  Fax (402) 348-0904
   Dan H. Ketcham, #18930
   dketcham@ekoklaw.com